UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

TYRONE ROLLE,

                        Petitioner,                             **MEMORANDUM & ORDER**

       -against-                                        05-CV-591 (NGG)

CALVIN WEST, Superintendent, Elmira
Correctional Facility

                        Respondent.
----------------------------------------------------------x
GARAUFIS, United States District Judge.

      Tyrone Rolle ("Petitioner") filed <u>pro se</u> the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Western District of New York on January 12, 2005. It was transferred to this court on February 2, 2005. In the petition, Petitioner challenges his conviction, rendered on March 29, 1999 in the Supreme Court of New York, Queens County, of five counts of Robbery in the First Degree, one count of Attempted Robbery in the First Degree, one count of Rape in the First Degree, two counts of Attempted Rape in the First Degree, one count of Kidnapping in the Second Degree, three counts of Sexual Abuse in the First Degree, and one count of Criminal Possession of a Weapon in the Second Degree. (<u>See</u> Petitioner's Petition for a Writ of Habeas Corpus ("Pet.'s Writ"), at 1). Petitioner is currently serving a sentence of two consecutive twenty-five year terms of imprisonment. (<u>Id.</u>).

      Currently before the court is the issue of how to proceed on Petitioner's "mixed petition." For the reasons set forth below, the petition is stayed and held in abeyance to permit the

Petitioner to seek exhaustion of an unexhausted claim contained in his petition.

I.  **Procedural History**

On March 7, 2005, this court issued an Order to Show Cause to the Respondent in this matter, directing the Respondent to show cause within thirty days of receipt of the order why a writ of habeas corpus should not be issued. (See Docket Entry No. 6). By letter dated March 22, 2005, Respondent, through the District Attorney's Office, Queens County, alerted the court to the "existence of an unexhausted claim in defendant's petition," namely Petitioner's Ground Three, which alleges ineffective assistance of appellate counsel. (Docket Entry No. 7). Respondent requested that Petitioner's petition be dismissed without prejudice so that Petitioner could return to state court to raise the unexhausted claim. (See id.).

By Order dated April 8, 2005, this court granted Petitioner fifteen days to inform the court in writing as to whether he had good cause for his failure to exhaust his ineffective assistance of appellate counsel claim, such that stay and abeyance of his mixed petition would be appropriate. See Rhines v. Weber, 544 U.S. 269 (2005). Alternatively, the Petitioner was told he could inform the court that he wished to withdraw his unexhausted claim and proceed only on those claims properly exhausted. (See M&O dated 4/8/05, Docket Entry No. 8). In response, on May 3, 2005, a letter from the Petitioner dated April 15, 2005 was filed with the Clerk of Court. The relevant portions of Petitioner's letter state as follows:

> The petition for a writ of habeas corpus appears to be a mixed petition, but it is not. All claims that can be, and must be exhausted at the state level have been exhausted.
>
> The claim of ineffective assistance of appellate counsel can be raised for the first time on a Federal Writ of Habeas Corpus. There are recent Supreme Court rulings to support that. There is also the ruling out of the U.S. Court of Appeals (second

> circuit) <u>Hemstreet v. Greiner</u>, 5/11/04, Docket # 02-2747.
>
>     \*    \*    \*
>
> Further, if this Court does not agree that the appellate counsel ineffectiveness claim can be raised for the first time on a Federal Writ I respectfully request a stay and time to exhaust that single point, <u>Zarvela v. Artuz</u>, 254 F.3d 374.

(Letter from Petitioner dated 4/15/05, Docket Entry No. 9). Since receipt of Petitioner's letter, there have been no further decisions in this matter. Specifically, this court never ruled as to whether Petitioner's petition would be stayed and his exhausted claims held in abeyance while he pursued exhaustion of his ineffective assistance of counsel claim.

**II.**  **Discussion**

 **A.**  **Petitioner's Response to this Court's April 8, 2005 Order**

The court accepts Petitioner's letter dated April 15, 2005 as a good faith and timely response to this court's Order dated April 8, 2005. Only one week after receiving my Order, Petitioner responded appropriately and attempted to plead good cause for failure to exhaust his unexhausted ineffective assistance of appellate counsel claim. Nonetheless, Petitioner incorrectly claims that an ineffective assistance of appellate counsel claim cannot be exhausted at the state level. His mistake, however, is understandable. To the extent that the Petitioner implies that a claim of ineffective assistance of appellate counsel cannot be raised on *direct* appeal, he is correct. Such a claim, because it implicates the very representation a petitioner receives on appeal, cannot be exhausted by the normal route of direct appeal to the Appellate Division. However, there exists an exclusive state court remedy to raise an ineffective assistance of appellate counsel claim, namely the *coram nobis* petition. Under New York State law, the writ of *error coram nobis* provides a specific procedure for raising a claim of ineffective assistance of

3

appellate counsel that is filed in the Appellate Division following appeal. See generally Taylor v. Scully, 674 F. Supp. 462, 463 (S.D.N.Y. 1987); People v. Vincent, 50 N.Y.2d 901, 904-5 (1980). Indeed, the *coram nobis* petition is the only way to exhaust this type of claim for habeas purposes. See, e.g., Garcia v. Scully, 907 F. Supp. 700, 706-7 (S.D.N.Y. 1995) ("The issue of whether appellate counsel was ineffective . . . must be presented to the Appellate Division. The only procedure in New York for doing so is an application for a writ of error *coram nobis* to the Appellate Division department that confirmed the conviction."). Thus, because the Petitioner in the instant matter has failed to seek a writ of error *coram nobis*, he has not exhausted his claim of ineffective assistance of appellate counsel.[1]

Accordingly, the Petitioner's pending petition is still a mixed petition, and this court is once again faced with the question of whether to stay his exhausted claims and hold them in abeyance while Petitioner is given an opportunity to exhaust his ineffective appellate counsel claim. I am aware, of course, that Petitioner was previously informed in April 2005 that he must exhaust or withdraw his unexhausted claim before this court could decide his petition. My previous order, however, did not specifically alert Petitioner to the fact that he needed to do so through a *coram nobis* petition, and it is clear from his responsive letter to the court that he was not aware of the required procedure. Because the Petitioner is pro se, and in light of the fact that he has in good faith attempted to file a timely petition for a writ of habeas corpus, I am compelled to provide Petitioner a second chance to exhaust his claim, if I am permitted to do so

---

[1] I note for the record that Petitioner's citation to Hemstreet v. Greiner, 378 F.3d 265 (2d Cir. 2004), for the proposition that an ineffective assistance of appellate counsel claim can be raised for the first time on a federal writ of habeas corpus is misplaced. In that case, the claim was considered by the district court, but the petitioner had properly exhausted the claim by bringing a *coram nobis* petition in the Appellate Division. See Hemstreet, 378 F.3d at 267.

under the applicable law.

**B.      Mixed Petitions and AEDPA's One-Year Statute of Limitations**

Before passage of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which imposed a strict one-year statute of limitations for filing petitions for writs of habeas corpus, see 28 U.S.C. § 2244(d), the Supreme Court required dismissal without prejudice of mixed petitions pending exhaustion, under the presumption that once the unexhausted claim(s) became exhausted, the petitioner would file a new federal petition.  Rose v. Lundy, 455 U.S. 509 (1982); see also Rhines v. Weber,  544 U.S. 269, 274 (2005) (noting that in Rose, "we imposed a requirement of 'total exhaustion' and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance.").  Imposition of AEDPA's limitations period, in conjunction with the Rose v. Lundy doctrine, created a dilemma for habeas corpus petitioners in that a petitioner whose mixed petition was dismissed under Rose, who then returned to federal court after exhaustion, might discover that he was now barred from habeas review because the limitations period had expired during the time in which he pursued exhaustion.  See Pliler v. Ford, 542 U.S. 225, 230 (2004) ("The combined effect of Rose and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims."); 1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 5.2b (5th ed. 2005), at 293.

Further, after the enactment of AEDPA the Supreme Court held that the period of time in which a federal habeas corpus petition is pending before the district court before it is dismissed for lack of exhaustion on some or all claims is included within AEDPA's one-year limitations period. Duncan v. Walker, 533 U.S. 167 (2001). In other words, this period of time, in which the petition may be pending through no fault of the petitioner's but only due to the district court's docket management, is not tolled under AEDPA's statutory tolling provision. The Supreme Court addressed this problem in Rhines v. Weber:

> As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. . . . Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case.
>
> We recognize the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike.

Rhines v. Weber, 544 U.S. 269, 275 (2005). To alleviate this problem, in Rhines, the Supreme Court endorsed the "stay and abeyance" procedure, in which the district court, instead of dismissing the mixed petition, would stay the petition and hold it in abeyance to allow the petitioner to return to state court to exhaust his unexhausted claims. Id. "Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed

in federal court." Id.

The Court, however, warned that stay and abeyance should not be overused, lest it might undermine AEDPA's goals. Id. at 277. Thus, the Court explained that "district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278 (citation omitted). And finally, the court noted that it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id.[2]

### C. Equitable Tolling

In his letter dated April 15, 2005, the Petitioner in this matter requested stay and abeyance of his exhausted claims while he returned to state court to exhaust his ineffective assistance of appellate counsel claim should this court find that claim unexhausted. At that time, AEDPA's limitations period had not expired with respect to his habeas petition. The Petitioner's time to raise exhausted claims in a writ of habeas corpus expired on or about September 25, 2005, one year plus ninety days after the New York Court of Appeals denied his application for leave to appeal. See Smith v. McGinnis, 208 F. 3d 13, 15 n.1 (2d Cir. 2000), cert. denied 531 U.S. 840

---

[2] In Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001), the Second Circuit adopted the stay and abeyance procedure, holding that when a mixed habeas petition is presented, a stay of the exhausted claims, after dismissing the unexhausted claims, will be the only appropriate course in cases where an outright dismissal could jeopardize the timeliness of a collateral attack, and that the court should explicitly condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed, also within a limited period, normally 30 days.

(2000) (citing Ross v. Artuz,150 F.3d 97, 98 (2d Cir. 1998) (holding that petitioner's conviction became final for AEDPA purposes when his time to seek direct review in the United States Supreme Court expired)). Thus, when Petitioner initially requested a stay, he had approximately five months remaining under AEDPA's statute of limitations.

Currently, however, the limitations period has run. Thus, if this court were to grant a stay now and permit Petitioner to return to state court to file a *coram nobis* petition, once exhausted, he would be barred from raising the claim on habeas as untimely under AEDPA. The Petitioner, however, is entirely blameless for the fact that his request for a stay was not addressed in April 2005, or soon thereafter. Rather, that oversight is this court's own, and is a result of the tremendously large docket over which I preside. Given that the Petitioner is not to be faulted for the time delay between April 2005 until now, I find that result wholly inequitable. Thus, I am compelled to apply the doctrine of equitable tolling in this matter.

The Supreme Court and the Second Circuit have encouraged the use of equitable tolling in situations such as the one currently before the court. See Duncan, 533 U.S. at 183 (Stevens, J., concurring in part and concurring in the judgment, joined by Souter, J.) ("a federal court might very well conclude that tolling is appropriate based on the reasonable belief that Congress could not have intended to bar federal habeas review for petitioners who invoke the court's jurisdiction within the 1-year interval prescribed by AEDPA"); Rodriguez v. Bennett , 303 F.3d 435, 438 (2d Cir. 2002) (vacating district court's denial of habeas relief and remanding for consideration of equitable tolling) (stating that even though "§ 2244(d)(2) does not cause exclusion of the federal petition's time of pendency . . . under appropriate circumstances the petitioner may be entitled to equitable tolling"). Indeed, in Rodriguez, the Court of Appeals provided a hypothetical scenario

8

in which equitable tolling would be warranted where the facts almost exactly mirror the instant case:

> Assume a petitioner who, exercising great diligence, brings a federal habeas petition under § 2254 within one month of his state conviction becoming final. Six months later, the state moves to dismiss the petition, contending that it is unexhausted. Petitioner answers in two months, arguing that he has exhausted state remedies. Four months later (a year after the institution of the action), the court decides that the claim should be considered unexhausted, and dismisses, without prejudice to petitioner's refiling after having exhausted state remedies. Assume then that petitioner expeditiously exhausts state remedies and immediately thereafter refiles his federal petition. Unless equitable tolling is available for the time the petition was pending in federal court, such a petitioner who acted with maximum expedition would nonetheless be time-barred. As of the moment the federal court dismissed pending exhaustion without prejudice to refiling, it would already be clear that the "without prejudice" provision was an illusion; petitioner could never succeed in timely refiling the petition because he would already be time-barred.

Rodriguez, 303 F.3d at 438-9 (internal footnotes omitted). The Rodriguez hypothetical makes it clear that equitable tolling is justified here.

As a general rule, equitable tolling of AEDPA's one-year limitations period is available only in "rare and exceptional" circumstances. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), cert. denied, 531 U.S. 820 (2000); see also Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time"; and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." McGinnis, 208 F.3d at 17. Here, it is clear from the chronology of events that the Petitioner has acted with reasonable diligence throughout the tolling period, i.e. the time in which his petition has been pending before this court. Additionally, based on the language of Rodriguez quoted above, I find that this court's delay in addressing the Petitioner's April 2005

9

motion for stay and abeyance qualifies as an "extraordinary circumstance" on these facts such that equitable tolling is justified.

Therefore, the Petitioner's petition is hereby subject to equitable tolling for the period beginning April 15, 2005 through the date of entry of this Order. The Petitioner is reminded that the AEDPA limitations period is now running. It will, of course, be statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2) for the period in which Petitioner seeks a writ of error *coram nobis*, should he choose to do so. 28 U.S.C. § 2244(d)(2) (2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

## III. Conclusion

For the aforementioned reasons, the court holds that Petitioner's petition for a writ of habeas corpus is equitably tolled for the period of time beginning April 15, 2005 through the date of the entry of this Order. The Petitioner's habeas petition is hereby stayed and held in abeyance for a period of thirty (30) days to allow the Petitioner to exhaust his ineffective assistance of appellate counsel claim in state court.

Within thirty (30) days of entry of this Order, the Petitioner is directed to file a petition for a writ of error *coram nobis* before the Appellate Division, Second Department. Within thirty (30) days of a decision by the Appellate Division on Petitioner's *coram nobis* petition, Petitioner is directed to file with this court an affidavit stating that his *coram nobis* petition has been disposed of and that he wishes to terminate the stay of this case. Failure to comply with either deadline will result in Petitioner's entire petition being dismissed. See Zarvela, 254 F.3d at 381.

Alternatively, the Petitioner can inform this court in writing within thirty (30) days of entry of this Order that he wishes to withdraw his unexhausted claim and have this court proceed to decide only the exhausted claims in his petition.

An Order to Show Cause directing the Respondent to answer Petitioner's petition will be issued by this court at the appropriate time.

The Clerk of Court is directed to mail a copy of this M&O to the pro se Petitioner.

SO ORDERED.

Date: July 17, 2006
Brooklyn, New York

/s/
Nicholas G. Garaufis
United States District Judge